UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AMBER S. THOMPKINS-EL AND
LAWRENCE THOMPKINS EL-BEY,

                    Plaintiffs,                    Case No.  05-74715

v.                                                 District Judge Marianne O. Battani
                                                   Magistrate Judge R. Steven Whalen

WELLS FARGO BANK MINNESOTA,
et al.,

                    Defendants.
_____/


## REPORT AND RECOMMENDATION

Plaintiff Amber S. Thompkins-El has filed a *pro se* civil complaint, naming 24 separate Defendants.  The following Defendants have filed dispositive motions (i.e., motions to dismiss or motions for summary judgment) which have been referred for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B):

-Merrill Lynch; Wachovia Bank; Wells Fargo Bank Minnesota; Mortgage Electronic Registration Systems, Inc.; and Home Q Servicing Corp. Wachovia Bank, N.A. [Docket #7 and #81, Motion to Dismiss and Motion for Summary Judgment, respectively].

-Stefani Carter [Docket #16, Motion to Dismiss].

-Washtenaw County Defendants [Docket #39 and #83, Motions to Dismiss].

-Mers Corp.;   R.K. Arnold;   and Mers Shareholders [Docket #42, Motion for

-1-

Summary Judgment].

    -Jonathan L. Engman; Fabrizio & Brook, P.C.; Joseph J. Fabrizio; Rose Marie Brook; Marc P. Jerabek; Mary P. Schlawy; and William H. Crabtree [Docket #77, Motion to Dismiss].

    -Home Loan Center [Docket #60, Motion for Summary Judgment and to Dismiss].

    -Jimmy F. Moore [Docket #70, Motion to Dismiss].

    -Creative Land Design [Docket #84, Motion to Dismiss].

    For the reasons set forth below, I recommend that all the above dispositive motions be GRANTED, and that the Amended Complaint be DISMISSED WITH PREJUDICE pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.

## I.    FACTUAL BACKGROUND

    On December 12, 2005, Plaintiff filed a 123-page Complaint, along with an additional 110 pages of exhibits [Docket #1].  On January 9, 2006, Defendant Creative Land Design, Inc. filed a Motion for More Definite Statement [Docket #2], requesting an order "requiring Plaintiff to file an amended Complaint that conforms with the Federal Rules of Civil Procedure."  On the same date, Defendants Fabrizio & Brook, P.C., Jonathan L. Engman, Joseph J. Fabrizio, Rose Marie Brook, Marc P. Jerabek, Mary P. Sclawy and William H. Crabtree similarly filed a Motion for More Definite Statement [Docket #4].

    On January 20, 2006, Plaintiff in fact filed an Amended Complaint, 50 pages in length [Docket #45].  On February 2, 2006, the Court dismissed the motions for more definite statement as moot [Docket #58].

Plainitff's *pro se* Amended Complaint arises out of a mortgage foreclosure action in the Washtenaw County, Michigan Circuit Court. The property in question, located in Ypsilanti, Michigan, was apparently sold at a Sheriff's sale. *Amended Complaint*, ¶2. In the Brief in Support of their Motion to Dismiss, at p.4, Defendants Wells Fargo Bank, et.al., summarize the underlying facts as follows:

> "Plaintiffs obtained a loan in the amount of $192,000 from the Home Loan Center on January 31, 2004 and gave a mortgage on their property at 7031 Poplar Drive, Ypsilant, Michigan 48197 as security for the debt. The note and mortgage were simultaneously sold to WMC Mortgage Corp. Which subsequently assigned the note and mortgage to Mortgage Electronic Systems, Inc. (MERS) as agent for Wells Fargo Bank, N.S. as Trustee under Pooling and Servicing Agreement dated as of June 1, 2004 Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed certificates, series 2004-WMC4.

> "After Plaintiffs defaulted on payment of their mortgage loan, their property, which secured the mortgage lien, was sold at foreclosure sale on June 9, 2005. MERS acquired the Property, subject to Plaintiffs' six month redemption rights, through credit bid of $208,818.22, which was the outstanding amount of the indebtedness on the loan as of the date of sale. Plaintiffs did not redeem, and their rights in the property were extinguished by operation of law on December 9, 2005."

After foreclosure, the Home Loan Center (HLC), a Defendant in this case, filed an eviction action in state court (14B District Court in Ypsilanti, Michigan), seeking to terminate the tenancy of the Plaintiff from the property in question. On January 27, 2006, Plaintiff filed a notice of removal to this Court, under Docket No. 06-10379. On February 2, 2006, Judge Cohn dismissed the federal case and remanded to state court, finding that the notice of removal failed to set forth a basis for federal jurisdiction, and was therefore frivolous.

The Amended Complaint, although somewhat rambling, appears to raise the following claims: (1) the Washtenaw County Defendants violated Plaintiff's constitutional rights, including due process, equal protection and 7th Amendment in enforcing the Sheriff's sale of her property without a hearing or access to the court;[1] (2) all Defendants conspired to defraud her out of her home; (3) the Defendants engaged in a conspiracy under the Racketeering Influenced and Corrupt Organizations (RICO) Act, citing numerous "predicate acts" of fraud; (4) the foreclosure and sale of Plaintiff's property was in violation of numerous federal laws including the "Land Grant Act / Land Patent."  Plaintiff seeks total monetary damages of $1,075,000,000, and demands a trial by a jury consisting only of Moors.[2] *Amended Complaint*, p. 49.

## II.   ANALYSIS

In their various motions to dismiss and motions for summary judgment, the Defendants raise a number of arguments.  However, common to all the motions is the argument that the Amended Complaint is frivolous and fails to state a federal claim.  Where a claim is frivolous, a court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

---

[1] In ¶4 of the Amended Complaint, Plaintiff states that the "amount in controversy" exceeds $250,482.01.  In ¶10, she asks for "$75,000,000 per count for these tort trespass to person and property."

[2] Plaintiff claims status as a "Sovereign Indigenous Moor under UN #208/1999; TS #244-1."

when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Because the Amended Complaint in this case is clearly frivolous, rather than dissect each issue as to each Defendant, I will recommend that the case be dismissed in its entirety under Rule 12(b)(1). There are several key aspects of this case that inform my recommendation.

### A. Rooker-Feldman

In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court clarified, and to an extent narrowed what has been known as the Rooker-Feldman doctrine.[3] Rooker-Feldman is based on the principle that a federal district court does not have appellate jurisdiction to review a state court judgment; that power is reserved to the Supreme Court under 28 U.S.C. §1257. *Exxon Mobil* recognized, however, that a state court judgment does not necessarily preclude federal district court jurisdiction based, for example, on federal question jurisdiction under 28 U.S.C. §1331,

---

[3] The name derives from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

and that there could be parallel state and federal litigation:

> "When there is parallel state and federal litigation, Rooker-Feldman is not triggered simply by the entry of judgment in state court. This Court has repeatedly held that 'the pendency of an action in the state court is a bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Exxon Mobil*, 544 U.S. at 292.

In addition, recognizing that Rooker-Feldman implicates a jurisdictional question under Rule 12(b)(1), *Exxon Mobil* differentiated a claim- or issue-preclusion issue (which is not jurisdictional) arising in parallel litigation from an issue of subject matter jurisdiction:

> "In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court." *Id.*, 440 U.S. at 293.

Likewise, federal litigation that *follows* a state court judgment involving the same transaction is not necessarily jurisdictionally barred under Rooker-Feldman, assuming that there is an independent federal claim, although the plaintiff's claims in such a case might be barred by res judicata or collateral estoppel:

> " If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.' *GASH Assocs. V. Village of Rosemont*, 995 F.2d 726, 728 (C.A. 7 1993)...." *Exxon Mobil*, 544 U.S. at 293.

> *See also Lance v. Dennis*, 126 S.Ct. 1198, 1202 (2006) ("Rooker-Feldman is not simply preclusion by another name.").

Under what circumstances, then, does a Rooker-Feldman jurisdictional bar come into

play?  *Exxon Mobil* provides the following succinct answer:

> "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Id.*, 544 U.S. at 284.

In the present case, the Plaintiff lost a state-court foreclosure action.  During its pendency, she tried unsuccessfully to remove the action to this Court, but Judge Cohn dismissed and remanded back to state court, finding that there was no federal question jurisdiction.  Plaintiff makes many of the same arguments now that she made during the removal proceedings.[4]  It is apparent that Plaintiff is a classic "state court loser" who now seeks, in effect, to have this Court review a state court judgment that is not to her liking, and that this case is jurisdictionally barred under Rooker-Feldman, as set forth in *Exxon Mobil*.

A number of other federal complaints arising from state foreclosure actions have been similarly dismissed under Rooker-Feldman.  *See Tropf v. Fidelity National Title Insurance Company*, 289 F.3d 929 (6th Cir. 2002)[5]; *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161

---

[4] In finding that Plaintiff had not demonstrated original or federal question jurisdiction, Judge Cohn noted that she raised the following arguments: "[that defendant] HLC is involved in unfair and deceptive advertising and trade practices under 15 U.S.C. § 52; HLC is a federal bank subject to federal regulation; HLC has violated the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Fair Credit Billing Act; and the underlying disputes involve violations of land patent or land grant laws."

[5] Although *Tropf* was decided before *Exxon Mobil*, the facts would fit well within the Supreme Court's current Rooker-Feldman framework.

Fed.Appx. 487 (6th Cir. 2005)(unpublished) (post-*Exxon Mobil* decision applying Rooker-Feldman where "there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court," and "[e]ach of the myriad and vague claims set forth by the plaintiffs rests on the premise that the state court entry of foreclosure was invalid."); *Leach v. Manning*, 105 F.Supp.2d 707, 712 (E.D. Mich. 2000) (so-called federal "land patent" claim that was rejected by state court was barred under Rooker-Feldman).   In *Sinclair v. Bankers Trust Co. of Cal. N.A.,* 2005 WL 3434827 (W.D. Mich. 2005), the court held:[6]

> "Sinclair also requests damages as a result of the alleged unlawful foreclosure. In granting Bankers Trust possession of the disputed property, the Michigan district court found that the foreclosure and the sheriff's deed were valid. Because Sinclair's claim for damages is premised on the ground that the foreclosure was invalid, for this Court to grant Sinclair damages, the Court would need to conclude that the Michigan district court was wrong in upholding the foreclosure. This the Court cannot do without impermissibly acting as an appellate court in reviewing the Michigan district court's decision."

As in *Sinclair*, to sustain the Plaintiff's complaint in this case would require the Court to in effect act as an appellate tribunal and conclude that the Michigan court simply made the wrong decision in the foreclosure action.  Under the Rooker-Feldman doctrine, as refined in *Exxon Mobil*, the complaint must be dismissed.

### B.    Failure to State a Claim

Apart from the Rooker-Feldman problem, the Plaintiff fails to state a claim on which

---

[6] *Sinclair* also held that even if Rooker-Feldman did not apply, the complaint would have to be dismissed on the basis of claim preclusion.  *See* sec. B, *infra*.

-8-

relief can be granted. Simply put, this Amended Complaint is totally devoid of merit.

The bulk of the Amended Complaint posits, in a very confused manner, that Plaintiff's title to or interest in the property in question is superior to any entity purporting to hold a security interest because the Plaintiff is the beneficiary of a "land patent" or "land grant." It appears that Plaintiff's "land patent" is, at best, a document she herself filed claiming that she "is the true owner of this property with a land patent which is the only true title to property other than the treaty." *Amended Complaint*, ¶41. There have been a number of similar claims made in this Court and other courts, and Defendant Wells Fargo attached to its motion, as Exhibit A [Docket #81] a sampling of internet articles detailing how mortgagees, debtors and taxpayers can escape their financial obligations through "declarations of land patents."[7] Every court that has considered this argument has found it to be frivolous. *See, e.g., Hedrick v. Coleman*, 2005 WL 2671327 (E.D. Mich. 2005) (Tarnow, J.); *Hilgeford v. People's* Bank, 776 F.2d 176 (7th Cir. 1985) (that title to land may have may have been given to remote predecessors in centuries past does not prevent the creation of later interests and has nothing to do with later actions arising under state law);

---

[7] For example, an article from www.livetaxfree.com, which can best be described as delusional rant, states, "One of the greatest lies and myths in America today is that of property 'ownership.' U.S. citizens cannot hold title to property, only sovereign Citizens can. Since the socialist juggernaut was legislated via the New Deal in 1933, Americans have lost virtually all their property rights and land, having transferred their assets to the international bankers to pay an unpayable federal debt." The article promotes a book, sold for a mere $39.95, that will show how to "protect your land from unlawful liens," remove the requirements of property tax," and "remove your property from zoning restrictions."

*Nixon v. Phillipoff*, 615 F.Supp. 890, 894 (D.C. Ind. 1985) (land patent claim as a defense to a foreclosure action is a "frivolous legal nullity"); State *of Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986) ("If self-drafted 'land patents' are frivolous gestures, as we held in *Hilgeford*, then removal of the state's prosecutions is frivolity on stilts. (Apologies to Jeremy Benthem))."  In *Leach v. Building and Safety Engineering Division, City of Pontiac*, 993 F.Supp. 606, 607 (E.D. Mich. 1998), Judge Rosen, quoted the district court's decision in *Hilgeford v. Peoples Bank*, 607 F.Supp. 536, 538, as follows regarding the "blatant insufficiency" of land patents:

> "It is, quite simply, an attempt to improve title by saying it is better.  The court cannot conceive of a potentially more disruptive force in the world of property law than the ability of a person to get 'superior' title to land by simply filling out a document granting himself a 'land patent' and then filing it with the recorder of deeds.  Such self-serving, gratuitous activity does not, cannot and will not be sufficient by itself to create good title."

As with every other court that has considered the question, I consider the "land patent" claim to be "among an array of shopworn and quixotic arguments, having currency among so-called 'tax protestors,' but without any support in the law."  *Spencer v. Social Security Administration*, 2006 WL 695782 (E.D. Mich. 2006).[8]

Plaintiff also brings myriad fraud and conspiracy claims, including a RICO count and a claim that the Defendants conspired to deprive her of various constitutional rights, but does

---

[8] Similarly frivolous are Plaintiff's claims that her self-proclaimed status as an "Indigenous" or "Sovereign" Moor entitles her to trial by a jury composed only of Moors, and that somehow, the district judges in this Court are not true Article III judges who are empowered to hear her case.  *See Hedrick v. Coleman, supra*; *King v. Corporation of the United States of America*, 2005 WL 3320866 (E.D. Mich. 2005).

not articulate any basis for those claims, other than mere conclusory statements. Under Fed.R.Civ.P. 9(b), fraud must be pled with particularity. Read in conjunction with Fed.R.Civ.P. 8, which requires short, concise statements, "the purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading." *American Town Center v. Hall 83 Associates*, 912 F.2d 104, 109 (6th Cir. 1990), quoting *Michaels Building Company v. Ameritrust Company, N.A.*, 848 F.2d 674, 679 (6th Cir. 1988). Plaintiff's speculative, conclusory and unsupported allegations of fraud do not meet the Rule 9(b) standard, and are therefore subject to dismissal. Furthermore, in *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987), the Court clearly stated the well-settled rule "that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient...." There must be something more than a defendant's personal belief that he or she is the victim of conspiracy. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Therefore, Plaintiff's conclusory RICO claims must also be dismissed.

### C.   Preclusion

Even if Rooker-Feldman did not apply, and the Amended Complaint could be construed as raising an arguable federal issue, it would be barred under principles of res judicata, or claim preclusion.[9] As the Supreme Court noted in *Exxon Mobil*, the "Full Faith

---

[9] To the extent that the issues in this case were in fact raised in the state court proceedings, the applicable preclusion principle would be collateral estoppel, or issue

and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'"   125 S.Ct. At 1527, quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *Sinclair v. Bankers Trust, supra*.  Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not.  *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan  requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies.  *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997).  "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same.  *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

As in the state case, this case centers on a foreclosure action and sale of property

---

preclusion.

occasioned by Plaintiff's default on a mortgage. The factual underpinning of both cases is the same, and thus "the same facts or evidence are essential to the maintenance of the two claims." *Huggett*. The three-prong test of *ABB Paint Finishing* has been met, any federal claims in this case could have, with reasonable diligence, been raised in the state proceedings.

I recognize that the loss of one's house, for whatever reason, is a tragic event, and I am not unsympathetic to Ms. Thompkins-El's plight. But however aggrieved she might be, she has no remedy in this Court. This second attempt to make a federal case out of a state foreclosure action can be no more successful than her previous removal action that Judge Cohn rejected. Her allegations are devoid of merit and legally frivolous to the extent that the Court does not have subject matter jurisdiction. Accordingly, the Amended Complaint should be dismissed under Fed.R.Civ.P. 12(b)(1).

### III.    CONCLUSION

I recommend that all pending Motions to Dismiss and/or for Summary Judgment (Docket #s 7, 81, 16, 39, 83, 42, 77, 60, 70 and 84) be GRANTED, and the Amended Complaint DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 29, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 29, 2006.

S/G. Wilson
Judicial Assistant

-14-