**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AMBER S. THOMPKINS-EL AND
LAWRENCE THOMPKINS EL-BEY,

        Plaintiffs,

v.                                        CIVIL CASE NO. 05-74715
                                           HON. MARIANNE O. BATTANI

WELLS FARGO BANK MINNESOTA,
et al.,

        Defendants.

_____/

**ORDER ADOPTING MAGISTRATE**
**JUDGE'S REPORT AND RECOMMENDATION AND**
**DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE**

**I.    INTRODUCTION**

Before the Court is Plaintiffs' objections to Magistrate Judge R. Steven Whalen's June 29, 2006, Report and Recommendation ("R&R") (Doc. # 89). On December 12, 2005, Plaintiff Amber S. Thompkins-El filed a 123-page *pro se* civil complaint, naming twenty four separate defendants. After certain Defendants requested a more definite statement, Plaintiff voluntarily filed an Amended Complaint. In the Amended Complaint, Plaintiffs allege Defendants violated their constitutional rights and the Land Grant Act when taking steps to foreclose their mortgage and evict them from their house. In the R&R, Magistrate Judge Whalen recommends granting all the motions to dismiss or for summary judgment filed by various defendants because Plaintiffs' fail to state a claim, and are precluded from bringing their claims by the Rooker-Feldman doctrine or *res judicata*. On July12, 2006, Plaintiffs filed their objections to the R&R

(Doc. #92). For the reasons stated below, the Court ADOPTS the Magistrate Judge's R&R in its entirety.

## II.   STANDARD OF REVIEW

In cases where a Magistrate Judge has submitted a Report and Recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the Report and Recommendation to which the party objects. 28 U.S.C. § 636(b)(1). However, parties are required to make specific objections. "A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir. 1988)(quoted by Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)). Thus, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509.

## III.   ANALYSIS

The Court can discern two specific objections that Plaintiffs' raise. The first is an objection to the Magistrate Judge's finding that the Court lacks subject matter jurisdiction. The other is an objection to the Magistrate Judge's finding that her land patent is patently bogus. As far as the remaining portions of the brief, "[i]n light of the poor draftsmanship of the paper, it is hard to see how a district court reading it would know what [Plaintiffs] thought the magistrate had done wrong." Howard, 932 F.2d at 508. The Court, therefore, interprets the remaining portions of Plaintiffs' brief "as being a general objection to the entire magistrate's report[]. . . ." Id. A general objection to the entirety of a magistrate's report, without specifying a single issue of contention, fails to state a valid objection, and will not be considered. Id., at 509.

Plaintiffs first contend that the Magistrate Judge was wrong to base his decision to recommend dismissal based on a lack of subject matter jurisdiction.* Plaintiffs assert that the Court has subject matter jurisdiction because their claims involve disputes that implicate the United States Constitution, federal law, and Federal Land Patents.  However, the R&R does not recommend dismissal because Plaintiffs failed to assert federal claims, rather, it recommends dismissal for lack of subject matter jurisdiction because of the nature of the claims, coupled with Plaintiffs' prior opportunity to raise those claims in a state court suit that Plaintiffs initiated.

Magistrate Judge Whalen first based his decision to recommend dismissal because Plaintiffs claims are barred by the Rooker-Feldman doctrine.  "[T]he threshold question in every federal case," is whether the court has the power to entertain the suit.  Warth v. Seldin, 422 U.S. 490, 498 (1975).  The Rooker-Feldman doctrine divests all federal district courts of subject matter jurisdiction to review state court judgments.  See generally Rooker v. Fid. Trust Co., 263 U.S. 413, (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Peterson Novelties, Inc. v. City of Berkley, 305 F.3d 386, 390 (6th Cir. 2002).  The doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the United States Supreme Court is the exclusive federal court with jurisdiction to review state court decisions.  Accordingly, the doctrine prevents district courts from entertaining challenges to state court decisions, "even if those challenges allege that the state court's action was unconstitutional."  Feldman, 460 U.S. at 486.

---

* The Court notes that Plaintiffs did not object to the finding that their claims should be dismissed because they are barred by *res judicata*.  *Res judicata* is not a limitation on jurisdiction; rather, it is a defense that must be pleaded.  See Buckley v. Ill. Jud. Inquiry Bd., 997 F.2d 224 (7th Cir. 1993).

The Rooker-Feldman doctrine promotes firmly-held notions of federalism and comity by preserving the integrity "of the state court decision-making process" and "the repose of state court judgments." Adkins v. Underwood, 520 F.2d 890, 892-93 (7th Cir. 1975). Our federalist system of government relies on the capacity of both state and federal courts to protect the constitutional rights of litigants. Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970) (finding that our dual system of government "could not function if state and federal courts were free to fight each other for control of a particular case"). Allowing federal district courts to review Michigan decisions could have the deleterious effect of "displac[ing] almost the whole of state litigation into the federal courts by making the final judgment in the state court the cause of action that kicks off a suit to undo that judgment in federal court." Lynk v. Laporte Superior Court No. 2, 789 F.2d 554, 563 (7th Cir. 1986).

Consistent with these federalism and comity concerns, the Rooker-Feldman doctrine raises a jurisdictional bar that prevents federal district courts from second-guessing state court decisions. Texaco, Inc. v. Pennzoil Co., 784 F.2d 1133, 1142 (2d Cir. 1986), rev'd on other grounds, 481 U.S. 1 (1987). The doctrine prohibits federal courts from engaging in appellate review of not only state court judgments, but also of any claim "inextricably intertwined" therewith. Peterson Novelties, 305 F.3d at 390. "In practice this means that when granting relief on the federal claim would imply the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction." Pieper v. Am. Arbitration Ass'n, 336 F.3d 458, 460 (6th Cir. 2003) (citation omitted). As the Supreme Court has recently ruled, the doctrine bars those cases "brought by state-court losers complaining of injuries caused by state-

4

court judgments . . . inviting district court review and rejection of those judgments." Exxon Mobil Corp., v. Saudi Basic Industries, Inc., 544 U.S. 280, 284 (2005).

As Magistrate Judge Whalen pointed out, Plaintiffs originally attempted to remove a state court foreclosure action to federal court. However, this attempt at removal was denied because the basis for the original action - the foreclosure - did not arise under federal law. See 28 U.S.C. § 1331. "A claim arises under federal law when 'the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws or [the federal] Constitution.' Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908) . . . ." Cobb v. Contract Transport, Inc., 452 F.3d 543, 548 (6th Cir. 2006). However, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986). Thus, the court did not have original jurisdiction over the subject matter of the suit.

After the petition for removal was denied, the state court proceeded with the foreclosure action. Plaintiffs lost their bid to stop the foreclosure. Plaintiffs now ask this Court for a determination that the state court incorrectly decided the foreclosure action for a myriad of reasons. However, this Court is barred from acting as an appellate court for state court decisions, as well as, any claim that is "inextricably intertwined" with that decision. Peterson Novelties, 305 F.3d at 390. The fact that

> plaintiffs' claims are indeed "inextricably intertwined" is evident from the fact that there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court. Each of the myriad and vague claims set forth by the plaintiffs rests on the premise that the state court entry of foreclosure was invalid. For example, plaintiffs assert that the bank defendants and their respective attorneys committed wilful fraud by bringing actions of foreclosure without being holders in due course of their claims. But, the judgment of foreclosure issued in each instance implicitly and explicitly finds

otherwise.

Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 Fed.Appx. 487, 490, 2005 WL 3528921, at **2 (6th Cir. 2005).  The Court finds that it lacks subject matter over Plaintiffs' claims because Plaintiffs are "state-court losers complaining of injuries caused by state-court judgments . . . inviting district court review and rejection of those judgments."  Exxon Mobil Corp., 544 U.S. at 284.

Plaintiffs also object to the Magistrate Judge's finding that their claims are frivolous because they are based, in part, on their claim to superior title to the land based on a purported land patent.  Land patents are essentially deeds that document a transfer in ownership from the Federal Government to individuals that purchase public land.  See Bureau of Land Management, Frequently Asked Questions, available at http://www.glorecords.blm.gov/FAQ.asp.  Land patents were issued in great numbers in the 1800s after the Louisiana Purchase and the opening of the West to homesteaders.  See id., Public Lands History, available at http://www.glorecords. blm.gov/ Visitors/PublicLands.asp.  "Nothing passes a perfect title to public lands, with the exception of a few cases, but a patent."  Wilcox v. Jackson ex dem. McConnel, 38 U.S. 498 1839 WL 4329, at *11(1839).  However, the land patent Plaintiffs hold was not received from the Federal Government, but rather, was created by Plaintiffs themselves.  That document has absolutely no legal affect on the ownership of the land in question.  Therefore, any claim to superior title to the land in question because of the so-called land patent is frivolous, and to the extent Plaintiffs' claims are based on that document, those claims lack any merit.

The Court notes that because Plaintiffs have failed to object to portion of the R&R that

6

recommends dismissal because of *res judicata*, an independent reason for adopting the R&R, and dismissing Plaintiffs' Complaint exists.  Nevertheless, after careful review, the Court ADOPTS the R&R in its entirety, and DISMISSES Plaintiffs' Complaint with prejudice.

## IV.     CONCLUSION

Accordingly, **IT IS SO ORDERED** that the Report and Recommendation is **ADOPTED** in its entirety and that defendants Merrill Lynch; Wachovia Bank; Wells Fargo Bank Minnesota; Mortgage Electronic Registration Systems, Inc.; and Home Q Servicing Corp. Wachovia Bank, N.A.'s Motion to Dismiss (Doc. #7) and Motion for Summary Judgment (Doc. # 81), defendant Stefani Carter's Motion to Dismiss (Doc. #16), the Washtenaw County Defendants' Motions to Dismiss (Doc. ##39 & 83), defendants Mers Corp.; R.K. Arnold; and Mers Shareholders' Motions for Summary Judgment (Doc. #42), defendants Jonathan L. Engman; Fabrizio & Brook, P.C.; Joseph J. Fabrizio; Rose Marie Brook; Marc P. Jerabek; Mary P. Schlawy; and William H. Crabtree's Motion to Dismiss (Doc. #77), defendant Home Loan Center's Motion for Summary Judgment and to Dismiss (Doc. #60), defendant Jimmy F. Moore's Motion to Dismiss (Doc. #70), and defendant Creative Land Design's Motion to Dismiss (Doc. #84) are **GRANTED.  IT IS FURTHER ORDERED** that Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE.**

        s/Marianne O. Battani  
        MARIANNE O. BATTANI  
        UNITED STATES DISTRICT JUDGE

DATED: August 22, 2006

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon all parties of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK
